# In the United States Court of Federal Claims

No. 16-0885 C

(E-Filed July 17, 2017)

| | |
|---|---|
| REGINALD PRICE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Motion to Dismiss; RCFC 12(b)(1); <br> ) Subject Matter Jurisdiction; Back Pay Act, <br> ) 5 U.S.C. § 5596 (2012); 10 U.S.C. §1586 <br> ) (2012) <br> ) <br> ) <br> ) <br> ) <br> ) |

Donald G. Huggins, Jr., Raleigh, NC, for plaintiff.

Joseph A. Pixley, Washington, DC, with whom were Chad A. Readler, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

On July 26, 2016, plaintiff filed a complaint alleging that defendant improperly reduced his pay following a temporary overseas assignment, and failed to properly compensate him for temporary quarters subsistence expenses and per diem funds.  See ECF No. 18 (amended complaint).  Defendant has moved the court to dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted.  See ECF No. 20.  For the following reasons, defendant's motion is **GRANTED.**

I.  Background

Plaintiff is an employee of the United States Air Force.  See ECF No. 18 at 2.  In April 2009, plaintiff was a Security Assistant, GS-0086-07, in the Information Protection office at Seymour Johnson Air Force Base in Goldsboro, North Carolina.  See id.  On April 15, 2009, plaintiff accepted a temporary overseas assignment at Ramstein Air Base in Germany, and signed an Overseas Employment Agreement (OEA).  See id.  Pursuant

to the terms of the OEA, plaintiff was granted a right to return to his position as Security Assistant, GS-0086-07, following completion of his overseas assignment. See id. at 3.

He began work at Ramstein Air Base in June 2009, as a Security Specialist, YA-0080-02. See id. He was later promoted to Information Security Specialist, GS-0080-12. See id. In March 2012, plaintiff began preparations to return to the United States. See id. He claims that in connection with those preparations, he was not allowed adequate temporary quarters subsistence, and was not otherwise compensated properly. See id. at 4.

In June 2012, plaintiff returned to Seymour Johnson Air Force Base, and alleges that he was "immediately reassigned to the GS-0086-07 Security Assistant position with a duty title of Information Security Program Assistant and retained pay." Id. Plaintiff alleges that approximately six months prior to his return, his former position had been "deleted," and had been "upgraded" to Information Security Specialist GS-0080-12. See id. at 5-6. Plaintiff asserts that he was entitled to this upgraded position in place of his previously-held, now "deleted" position. See id. Plaintiff claims that "[a]s a result of the Department of the Air Force's failure to place Plaintiff into the Information Security Specialist series 0080, grade GS-12, position description number 9Z008 capacity, Plaintiff's grade and pay were reduced." Id. at 7.

Based on the foregoing facts, plaintiff claims that he is entitled to compensation, in "an amount equal to all of the pay, allowances, or differentials, as applicable which he normally would have earned or received during the relevant period," pursuant to the Back Pay Act, 5 U.S.C. § 5596, for defendant's failure to:

(1) assign him as "Information Security Specialist series 0080, grade GS-12, position description number 9Z008 capacity pursuant to 10 U.S.C.A. § 1586(c)(1)(2) when upon return from his overseas tour his previous position no longer existed;"

(2) properly compensate him for an extension of temporary quarters subsistence expense; and

(3) provide him per diem funds commensurate with those provided to his colleagues.

See id. at 8-9.

II.   Legal Standards

Defendant asks the court to dismiss plaintiff's claims first on the basis that the court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), and in the alternative, for failure to state

2

a claim upon which relief may be granted, pursuant to RCFC 12(b)(6).  See ECF No. 20 at 8.

Pursuant to the Tucker Act, this court has limited jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2012).  To show that the alleged claims fall within the purview of this jurisdictional statute, a plaintiff must show that "the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that [he] is with[in] the class of plaintiffs entitled to recover under the money-mandating source."  Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1309 (Fed. Cir. 2008).  When the identified "statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction."  Greenlee Cty., Ariz. v. United States, 487 F.3d 871, 876 (Fed. Cir. 2007).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

Because the court has determined that it lacks subject matter jurisdiction over this case, there is no need to analyze the sufficiency of plaintiff's claims under RCFC 12(b)(6).

III.   Analysis

Plaintiff relies on the Back Pay Act, 5 U.S.C. § 5596 as the primary basis for all three counts in the amended complaint.  See ECF No. 18 at 8-9.  For the second and third counts, the Back Pay Act is the only statute cited.  But for the first count, plaintiff also cites 10 U.S.C. § 1586, which outlines certain procedures related to the rotation of "employees assigned to duty outside the United States."  As explained above, in order to establish subject matter jurisdiction, plaintiff must demonstrate that one or both of these statutes are money-mandating, such that the court may exercise its authority in light of the government's limited waiver of sovereign immunity pursuant to the Tucker Act.

For the following reasons, the court concludes that plaintiff has failed to do so.

A.   The Back Pay Act is not money-mandating

Plaintiff claims that he is entitled to compensation, pursuant to the Back Pay Act, for damages suffered as a result of defendant's failure to take three actions:  (1) assign him to the upgraded Information Security Specialist position "when upon return from his overseas tour his previous position no longer existed," (2) properly compensate him for

3

temporary quarters subsistence expense, and (3) provide him per diem funds commensurate with those provided to his colleagues.  See ECF No. 18 at 8-9.

The Back Pay Act states, in relevant part:

An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee-- [is entitled to corrective action and back pay].

5 U.S.C.A. § 5596(b)(1) (2012).  In its motion to dismiss, defendant argues that the statute is not money-mandating, and thus, cannot support this court's jurisdiction. "[J]urisdiction cannot be based solely upon the Back Pay Act to establish the jurisdiction of the Court; some other money-mandating statute or regulation must be alleged."  ECF No. 20 at 15.

Defendant's position is based on clear, well-established precedent. The Federal Circuit has explained:  "The Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute."  United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (citing Montalvo v. United States, No. 675–81C, slip op. at 3-4 (Ct. Cl. Sept. 10, 1982)). See also Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) ("The Back Pay Act is such a 'money-mandating' statute when based on violations of statutes or regulations covered by the Tucker Act."); Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984) ("Unless some other provision of law commands payment of money to the employee for the 'unjustified or unwarranted personnel action,' the Back Pay Act is inapplicable."); Mendoza v. United States, 87 Fed. Cl. 331, 335 (2009) (stating that "standing by itself, Section 5596 is not a money-mandating source that would support a claim under the Tucker Act.").[1]

In his response, plaintiff does not dispute this legal reality.  Instead, he simply points to his allegation that defendant violated 10 U.S.C. § 1586 (2012).  See ECF No. 23 at 13.  Plaintiff invokes 10 U.S.C. § 1586 only with regard to the first count of the complaint, see ECF No. 18 at 8, and the sufficiency of that statute for purposes of establishing jurisdiction is discussed below.  As to the second and third counts of the complaint, plaintiff essentially concedes that the court lacks subject matter jurisdiction.

---

[1]    In Carpenter v. United States, 28 Fed. Cl. 195 (1993), this court concluded that in narrow circumstances that a claim for attorneys' fees pursuant to the Back Pay Act may be considered money-mandating.  On the points germane to the outcome of the matter at bar, however, the Carpenter decision presents no contradiction.

4

His response with regard to those claims, in its entirety, reads: "Plaintiff has elected to take no position on the legal arguments proffered by Defendant's as they pertain to Counts II and III."  ECF No. 23 at 14.

Because the Back Pay Act is not, on its own, money-mandating, the court lacks subject matter jurisdiction over the second and third counts of the complaint, for which plaintiff fails to allege any money-mandating source.

  B.  10 U.S.C. § 1586 is not money-mandating

To support the court's subject matter jurisdiction over the first count in the complaint, plaintiff alleges that the government violated 10 U.S.C. § 1586, see ECF No. 18 at, and claims that the statute is money-mandating, see ECF No. 23 at 13-14. Defendant argues that 10 U.S.C. § 1586 is not money-mandating, but correctly observes that this issue appears to be one of first impression.  See ECF No. 20 at 17.

The relevant subsection of the statute reads as follows:

(c) The right to return to a position in the United States granted under this section shall be without reduction in the seniority, status, and tenure held by the employee immediately before his assignment to duty outside the United States and the employee shall be placed, not later than 30 days after the date on which he is determined to be immediately available to exercise such right in accordance with the following provisions:

> (1) The employee shall be placed in the position which he held immediately before his assignment to duty outside the United States, if such position exists.
>
> (2) If such position does not exist, or with his consent, the employee shall be placed in a vacant existing position, or in a new continuing position, for which he is qualified, available for the purposes of this section in the department concerned, in the same geographical area as, with rights and benefits equal to the rights and benefits of, and in a grade equal to the grade of, the position which he held immediately before his assignment to duty outside the United States.
>
> (3) If the positions described in paragraph (1) and paragraph (2) do not exist, the employee shall be placed in an additional position which shall be established by the department concerned for a period not in excess of 90 days in order to carry out the purposes of this section. Such additional position shall be in the same geographical area as, with rights and benefits not less than the rights and benefits of, and in

5

> a grade not lower than the grade of, the position held by the employee immediately before his assignment to duty outside the United States.
>
> (4) If, within 90 days after his placement in a position under paragraph (3) a vacant existing position or new continuing position, for which the employee is qualified, is available for the purposes of this section in the department concerned, in the same geographical area as, with rights and benefits equal to the rights and benefits of, and in a grade equal to the grade of, the position which he held immediately before his assignment to duty outside the United States, the employee shall be placed in such vacant existing position or new continuing position.
>
> (5) If, within the 90-day period referred to in paragraphs (3) and (4), the employee cannot be placed in a position under paragraph (4), he shall be reassigned or separated under the regulations prescribed by the Office of Personnel Management to carry out sections 3501-3503 of title 5.
>
> (6) If there is a termination of or material change in the activity in which the former position of the employee (referred to in paragraph (1)) was located, he shall be placed, in the manner provided by paragraphs (2), (3), and (4), as applicable, in a position in the department concerned in a geographical area other than the geographical area in which such former position was located.

10 U.S.C. § 1586(c) (2012). Plaintiff cites only to subsection (c)(1) and (2), but the court has reproduced the entire subsection to facilitate a thorough discussion of plaintiff's jurisdictional allegations.

In order for a provision to be money-mandating, it must "create[ ] a substantive right by mandating the payment of [plaintiff's] claim, and "[t]he statute relied upon must grant a right of action with specificity." Collins v. United States, 67 F.3d 284, 286 (Fed. Cir. 1995) (citing United States v. Testan, 424 U.S. 392, 400 (1976)). In evaluating whether a statute is money-mandating, courts are generally concerned with whether the language regarding payment is compulsory or permissive. For example, in Doe v. United States, 463 F.3d 1314, 1324 (Fed. Cir. 2006), the Federal Circuit explained that to be money-mandating, a statute cannot give "the government complete discretion over the decision whether or not to pay an individual or group." See also McBryde v. United States, 299 F.3d 1357, 1361 (Fed. Cir. 2002) (stating that Tucker Act jurisdiction "arises only when the underlying statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained," and then engaging in a lengthy discussion of mandatory versus permissive language) (citations omitted).

As demonstrated by the excerpt reproduced above, it is true that the statute currently before the court contains several instances of compulsory language, e.g., "[t]he employee shall be placed in the position which he held immediately before his assignment to duty outside the United States." 10 U.S.C. § 1586(c)(1) (emphasis added). Plaintiff's position, however, has a more fundamental problem than arguing the mandatory or permissive nature of the provision. That is, the statute does not involve, much less mandate, any payments. The provision consistently speaks in terms of ensuring that employees can return to the same or an equivalent position after service overseas. But the statute does not provide for monetary compensation.

To be clear, the court does not find that an individual in plaintiff's position is not, pursuant to any statute, entitled to compensation. The court does hold, however, that the source of any right to compensation, and thus the foundation of this court's jurisdiction, cannot be 10 U.S.C. § 1586, as alleged by plaintiff in this case.

IV.   Conclusion

For the foregoing reasons, defendant's motion to dismiss, ECF No. 20, is **GRANTED**, pursuant to RCFC 12(b)(1). The clerk's office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** plaintiff's complaint, for lack of subject matter jurisdiction, with prejudice.

IT IS SO ORDERED.

/s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge